Community Sports, Inc. *v.* Oakland Oaks,
Appellant.

Argued January 3, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*David M. Kaufman,* with him *Gerald S. Lesher,* and
*Baskin, Boreman, Sachs & Craig,* for appellants.

*Milton W. Lamproplos,* with him *Edward J. Greene,
C. Kent May,* and *Eckert, Seamans & Cherin,* for ap-
pellee.

OPINION BY MR. JUSTICE ROBERTS, April 16, 1968:
Plaintiff-appellee, Community Sports, Inc., institut-
ed this proceeding in equity to enjoin defendant-appel-

lant, Levern Tart, from playing professional basketball during the 1967-68 season for any team other than the one owned by Community Sports, it having been alleged that Tart was bound by contract to play for appellee's club and no other. Following the taking of testimony, on December 1, 1967, the chancellor filed an opinion, concluding with the following paragraph:

"ORDER OF THE COURT.

And Now, December 1, 1967, it is ordered, adjudged and decreed that the corporate defendant herein is hereby enjoined from using Levern D. Tart in the 1967-68 Basketball Season, and that Levern D. Tart is hereby enjoined from playing professional basketball for any one other than Community Sports, Inc., the plaintiff herein."

Apparently relying on the fact that the chancellor, in his opinion, recited that he would not render a decree nisi, and also on the fact that the paragraph quoted above gives the surface impression of being a final decree, appellants immediately perfected the present appeal, even though no exceptions to the decree had been taken by appellants or adjudicated by the court en banc; furthermore, the decree had not been entered, upon praecipe, as a final decree by the prothonotary. Appellee now urges this Court to quash the appeal on the ground that, whatever the chancellor may have labelled it, the decree being appealed from must in fact be a decree nisi. There is, of course, no question that an appeal from a decree nisi must be quashed for it is an appeal from an interlocutory order. *Taylor v. Buterbaugh*, 421 Pa. 10, 218 A. 2d 731 (1966).

Having studied the relevant docket entries in this case, however, we find it unnecessary to decide the true nature of the chancellor's decree since we are now convinced that the lower court has so completely failed to comply with the rules of civil procedure that its

present decree is but a nullity, and therefore must be vacated.

Pennsylvania Rules of Civil Procedure 1516 to 1519 clearly enunciate the steps which must be followed by the chancellor, and by the litigants, before a procedurally proper appeal may be taken to this Court. Rule 1516 recites that the parties may file requests for findings of fact and conclusions of law. Rule 1517 itemizes the contents of the chancellor's "adjudication." This adjudication must contain, in addition to a decree nisi, a summary of the issues raised in the pleadings, specified findings of fact and conclusions of law, and a discussion of the factual and legal questions involved in the case. Rule 1518 allows the parties 20 days to file specific exceptions to this adjudication. Finally, Rule 1519 provides that the court en banc shall pass on these exceptions, or, if none are filed, the prothonotary, upon praecipe, shall enter the decree as final. All of these steps are necessary to establish an adequate record on appeal.

It is crystal clear that in the present case not one of these requirements has been followed. No findings of fact or conclusions of law were made by the chancellor, no exceptions were taken by appellants, no praecipe was filed with the prothonotary, and no final decree was ever entered. While, under ordinary circumstances, we might be willing to deny appellants the right to be heard on appeal when no exceptions were filed below, we feel that this failure must be excused in the present case because appellants might justifiably have relied on the chancellor's statement that no decree nisi would be filed. Under the rules of civil procedure, exceptions are taken not to final decrees, but to decrees nisi. Therefore, appellants may have believed their only remedy to be that of direct appeal.

. . The decree below is vacated, and the record remanded with instructions that the chancellor prepare a new adjudication in conformity with Pennsylvania Rules of Civil Procedure 1516-17. The parties then, if they so choose, may proceed in conformity with Rules 1518-19.

Each party to bear own costs.