409 A.2d 404

## In re INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO B. M. D. and R. L. D.

### Appeal of Luther L. DINGUS.

Supreme Court of Pennsylvania.

Submitted Oct. 8, 1979.

Decided Dec. 21, 1979.

Roger M. Morgenthal, Carlisle, for appellant.

Ruby D. Weeks, Carlisle, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal is from final decrees of the Court of Common Pleas of Cumberland County, Orphans' Court Division, which terminated involuntarily the parental rights of appellant, Luther L. Dingus, in his minor children, B.M.D. and R.L.D.

On November 9, 1977, appellee, Cumberland County Children's Services, filed a petition to involuntarily terminate the parental rights of appellant in his two minor children. Both children were born out of wedlock to appellant and Dorothy Mae Kiner. Appellee obtained custody of the children in 1974 when the natural mother voluntarily relinquished her parental rights. At the time, appellant was incarcerated in Virginia.

In 1975, appellee petitioned for the involuntary termination of appellant's rights. Following a hearing, the court dismissed the petition, finding that appellee had failed to prove adequate grounds requiring the termination of appellant's parental rights in his minor children.

Appellee again petitioned for termination of appellant's parental rights in November, 1977, said petition resulting in the instant controversy. Following two continuances, granted because of appellant's inability to attend the scheduled hearing, a hearing on the termination petition was held on March 15, 1978. Though represented by counsel, appellant did not attend the hearing. On April 4, 1978, the Court of Common Pleas of Cumberland County, Orphans' Court Division, entered final decrees terminating the parental rights of appellant in his minor children. This direct appeal followed.

Rather than reach the merits of the instant appeal, we believe the decrees must be vacated because of the Orphans'

Court failure to comply with the Rules of Civil Procedure. Rule 3.1 of the Pennsylvania Orphans' Court Rules provides:

"Except where otherwise provided by a rule adopted by the Supreme Court, or by an Act of Assembly, or *by general rule or special order of the local Orphans' Court*, and except for the Notice to Defend required by Rule of Civil Procedure 1018.1, which form of notice shall be required only if directed by general rule or special order of the local Orphans' Court, the pleading and practice shall conform to the pleading and practice in equity in the local Court of Common Pleas." (Emphasis added.) [1]

The Rules of Civil Procedure provide:

"(a) The court *shall* make an adjudication and may do so before the testimony has been transcribed. The adjudication *shall consist of* (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) *a decree nisi.*

"(b) The adjudication may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing." (Emphasis added.) Pa.R.C.P. 1517.

Further:

"Within ten (10) days after notice of the filing of the adjudication, exceptions may be filed by any party to

---

1. Rule 31 of the Cumberland County Local Orphans' Court Rules provide:

"Except where otherwise provided by a rule adopted by the Supreme Court or by an act of assembly or by general rule or special order of the local Orphans' Court, the pleading and practice shall conform to the pleading and practice in equity in the local Court of Common Pleas."

By restating § 3.1 of the Pennsylvania Orphans' Court Rules, Cumberland County Orphans' Court is bound to follow the Rules of Civil Procedure relating to equity.

rulings on objections to evidence, to statements or findings of fact, to conclusions of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of court to a failure or refusal to find any matter of fact or law substantially as requested. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters." Pa.R.C.P. 1518.

Finally:

"(a) If no exceptions are filed within the ten (10) day period, the decree nisi shall be entered by the prothonotary on praecipe as the final decree.

"(b) Except as provided by Rule VII of the Special Rules, Courts of Common Pleas, First Judicial District, Philadelphia County, promulgated July 31, 1963, exceptions shall be heard by the court en banc, which shall sustain or dismiss them in wholly or in part, and affirm, modify or change the decree nisi accordingly, or enter any other appropriate order.

"(c) The prothonotary shall immediately give written notice by ordinary mail to each party who has appeared in the action or to his attorney or record of the entry of the final decree or of any other order of the court." Pa.R.C.P. 1519.

In the instant case, Pa.R.C.P. 1517–1519 have been completely disregarded. No adjudication or decree nisi was entered. As no decree nisi was entered, appellant had no opportunity to file exceptions; the court, thus, had no opportunity to correct any errors prior to entry of the final decree.

The "final decree" in the instant case reads as follows:

"AND NOW, this 4th day of April, A.D. 1978, at ____ o'clock ____ M., E.S.T., upon consideration of the Petition herein and of the hearing held thereon, the Court finds that:

"1. The Petition herein is complete and sufficient according to Section 312 of the Act of July 24, 1970, P.L. 208, 1 P.S. 312.

"2. The facts as set forth in the said Petition are true.

"3. The Petition should be granted.

"IT IS THEREFORE DECREED THAT all parental rights of Luther Lee Dingus with regard to [R.L.D.], his child, are hereby terminated forever.

IT IS FURTHER DECREED, ORDERED, AND ADJUDGED that the custody of [R.L.D.] shall be hereby continued in Cumberland County Children's Services until such time as said child be adopted or such time as this Court shall deem it necessary to award custody of said child to another. So long as said Petitioner has custody of said child under this Order, said Petitioner shall stand in loco parentis to said child and in such capacity shall have authority, inter alia, to consent to marriage, to enlistment in the armed forces, and to major medical, psychiatric, and surgical treatment, and to exercise such other authority concerning said child as a natural parent could exercise. Further notice to or consent of Luther Lee Dingus shall not be necessary for the adoption of [R.L.D.].

   BY THE COURT

   /s/ Dale F. Shughart [2]

   P.J.

As we stated in *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 414, 240 A.2d 491 (1968):

"Pennsylvania Rules of Civil Procedure 1516 to 1519, 12 P.S. Appendix clearly enunciate the steps which must be followed by the chancellor, and by the litigants, before a procedurally proper appeal may be taken to this Court. Rule 1516 recites that the parties may file requests for findings of fact and conclusions of law. Rule 1517 itemizes the contents of the chancellor's 'adjudication.' This adjudication must contain, in addition to a decree nisi, a summary of the issues raised in the pleadings, specified

2. An identical decree was entered as to minor child B.M.D.

findings of fact and conclusions of law, and a discussion of the factual and legal questions involved in the case. Rule 1518 allows the parties 20 days [3] to file specific exceptions to this adjudication. Finally Rule 1519 provides that the court en banc shall pass on these exceptions, or, if none [is] filed, the prothonotary, upon praecipe, shall enter the decree as final. All of these steps are necessary to establish an adequate record on appeal." *Accord, Thompson v. Thompson,* 451 Pa. 546, 301 A.2d 644 (1973).

As the court in *Community Sports* held that the failure to comply with the Rules of Civil Procedure rendered the decree in that case a nullity, vacation of the decree was required. We believe a similar result is required.

The decree below is vacated and the record is remanded with instructions that the court prepare an adjudication in compliance with Pennsylvania Rules of Civil Procedure 1516–17, which are applicable to orphans' court proceedings. The parties then, if they so choose, may proceed in conformity with Rules 1518–19. Each party to bear own costs.

MANDERINO, J., did not participate in the consideration or decision of this case.

---

**3.** Rule 1518 has since been amended to require that exceptions be filed within ten days.