**In re Involuntary Termination of Parental Rights to J. R. C.**

*Donald B. Corriere,* for petitioner.
*Gene F. Roscioli,* for respondent.
*Jeffrey Greenwald,* for J. R. C.

GRIFO, *J.,* June 12, 1981—This matter is before the court on a petition for involuntary termination of the parental rights of G. R. C. upon petition of Kathryn Chrin. Hearings on this matter were held on March 20, 1981, and April 16, 1981, before the Honorable Richard D. Grifo. We enter this adjudication pursuant to the mandate of In re Involuntary Termination of Parental Rights to B. M. D. and R. L. D., 487 Pa. 387, 409 A. 2d 404 (1979).

## FINDINGS OF FACT

1. Petitioner, Kathryn Chrin, is the natural mother of J. R. C., 17 years of age, and T. S. C., 16 years of age.

2. Petitioner and respondent, Gregory R. Chrin, were married on June 17, 1978.

3. Respondent adopted J. R. C. and T. S. C. in February, 1979.

4. At the time of the hearing, petitioner and respondent were separated and in the process of obtaining a divorce.

5. The children are in the custody of petitioner.

6. Petitioner and respondent executed an agreement ("Child's Exhibit 1") which required, inter alia, that:

"It is expressly understood that all terms and provisions of this Agreement are conditioned upon Wife continuing to pursue the action of Divorce filed in the Court of Common Pleas of Northampton County as of No. 1981-C-572 to the entry of a Decree upon the basis of the marriage being irretrievably broken and this Agreement shall be incorporated into the final Decree. Husband agrees to file his consent thereto. The terms and provisions of this Agreement are further conditioned upon Wife and children joining Husband in a Petition to the Court of Common Pleas of Northampton County for the relinquishment and termination of all parental rights and obligations which Husband has to the adopted children, [J. R. C.] and [T. S. C.]."

7. Petitioner neither averred nor testified to a contemplated adoption of the two children if the termination were granted.

8. One of petitioner's two children, J. R. C., opposes termination of the parental rights.

## DISCUSSION

At the commencement of the hearing, the attorney for J. R. C. moved to dismiss the petition on the grounds that an adoption was not contemplated. The court reserved its ruling so that testimony could be taken. We now dispose of that motion.

The involuntary termination provisions of the Adoption Act, 23 Pa.C.S.A. §2101 et seq., were not designed "to punish an ineffective or negligent parent. . . . Rather, the purpose of involuntary termination of parental rights is to dispense with the need for parental consent to an adoption when, by choice or neglect, a parent has failed to meet the continuing needs of the child." In re Male Infant B. E., 474 Pa. 139, 145-46, 377 A. 2d 153, 156

(1977). Where no new parent-child relationship is contemplated "the involuntary termination . . . is not permitted under the Adoption Act." In re B. E., 474 Pa. at 146, 377 A. 2d at 156. This singular concern with adoption proceedings is evidenced also by the title and headings of the Adoption Act: In re B. E., supra (title of a statute and headings to articles may be used to aid in the construction of statutes).

An examination of the petition and testimony in their entireties reveals that no adoption of J. R. C. or T. S. C. was contemplated. On cross-examination, petitioner was questioned as to whether she had any individual in mind to adopt her two children. She replied "No. I don't think I would ever have them adopted again." "There is nobody. There is nobody standing in line to adopt them." That no adoption was contemplated by petitioner is further evidenced by the underlying reason for the termination proceedings. On cross-examination, petitioner testified:

'Q. Let me ask you this: Are you required to bring this action?

A. Yes.

Q. In order to comply with your separation agreement?

A. In order to comply with my separation agreement so I will get reimbursed for my money that I put down on the house.

• • •

Q. Mrs. Chrin, did you ask that this provision be put in the agreement?

A. I agreed that it would be put in.

Q. Who suggested that provision?

A. Greg wanted it put in.

Q. And you went along with it?

A. Yes.

Q. So that the rest—so that the agreement could be executed. Is that correct?

A. Yes."

Petitioner's testimony was corroborated by respondent:

"Q. Mr. Chrin, you testified earlier that you don't want to support the children and you won't support the children. That's what you testified. Is that correct?

A. Yes, I did.

Q. Isn't it—this whole proceeding taking place because you don't want to support the children? Isn't that what this whole proceeding is about?

A. No. I really don't think—it's part of it, right. I won't support them. They're not my children."

We are presented, therefore, with a petition which seeks not to notify an alleged abusive or neglectful parent of his rights being terminated so that a contemplated adoption can be accomplished. Rather, we are presented with a "straw man" device whereby petitioner is merely a conduit through which respondent endeavors to terminate his obligations as a parent. Such an endeavor is a far cry from a contemplated adoption. The motion to dismiss must therefore be granted.*

---

*We note that even if we were to consider the petition on its merits, we would nevertheless deny petitioner's request. The Adoption Act requires that primary consideration be given "to the needs and welfare of the child." 23 Pa.C.S.A. §2511(b). In light of the fact that an adoption is not contemplated, petitioner was unable to testify that a familial father-son love did not exist between respondent and children; and, petitioner's testimony that without her husband's support, she would be unable to support her family to the same degree that they had been accustomed, we would conclude that a severance of financial support clearly would not be in the best interests of the children pursuant to the act.

## CONCLUSIONS OF LAW

1. Although the petition was filed under the Adoption Act of 1970, inasmuch as the action was filed after January 1, 1981, jurisdiction is conferred pursuant to 23 Pa.C.S.A. §2101 et seq.

2. The purpose of the act is to dispense with the need of parental consent to an adoption when, by choice or neglect, a parent has failed to meet the continuing needs of a child.

3. A petition for involuntary termination must be dismissed where an adoption is neither averred nor contemplated.

Wherefore, we enter the following

## DECREE NISI

And now, June 12, 1981, the petition for involuntary termination of parental rights to J. R. C. and T. S. C. is denied and dismissed.

The Clerk of Court shall give written notice of this decree nisi to each party who has appeared, or to his attorney of record. If no exceptions are filed within ten days, this decree nisi shall be entered as a final decree.