441 A.2d 1334

**HOUSTON–STARR COMPANY, a corporation, Appellant,**

**v.**

**VIRGINIA MANSIONS APARTMENTS, INC., a corporation, and Robert O. Lample, Trustee under a Trust Agreement dated September 1, 1979 and known as the Sumland Properties Trust.**

Superior Court of Pennsylvania.

Argued April 15, 1981.

Filed Feb. 26, 1982.

John A. Metz, Jr., Pittsburgh, for appellant.

Stanley E. Levine, Pittsburgh, for appellees.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

CAVANAUGH, Judge:

The appellant, Houston-Starr Company, filed a complaint in equity against the appellees, Virginia Mansions Apartments, Inc. and Robert O. Lampl. The appellant also caused a lis pendens to be indexed against the property of Robert Lample, one of the appellees herein.[1]

---

1. Lis pendens is construed to be the jurisdiction, power, or control which courts acquire over property involved in a suit pending the continuance of the action, and until its final judgment. *Bungar v. St. Michael's Greek Catholic Church*, 272 Pa. 402, 116 A. 389 (1922). The doctrine of lis pendens does not establish an actual lien on the affected property, but merely gives notice to third parties that any interest that may be acquired in the property pending the litigation will be subject to the result of the action. *Dice v. Bender*, 383 Pa. 94, 117 A.2d 725 (1955).

■ The appeal must be quashed as it is from an interlocutory order. " 'Finality' exists when the practical effect of an order is to put the defendant out of court, or otherwise terminate the litigation by prohibiting either party from proceeding with the action." *Balter v. Balter*, 284 Pa.Super. 350, 354–55, 425 A.2d 1138, 1140 (1981). *See also Gurnick v. Government Employees Insurance Co.*, 278 Pa.Super. 437, 420 A.2d 620 (1980); *Turner v. May Corporation*, 285 Pa.Super. 241, 427 A.2d 203 (1981). The order in the instant case struck the lis pendens against Mr. Lampl's property but the equity action proceeds.[2] The cause of action in equity is governed by the Pennsylvania Rules of Civil Procedure, Rules 1517, 1518 and 1519 dealing with the adjudication, exceptions and final decree.

■ In the instant case the court below filed an opinion on the same date it entered the order striking the lis pendens. Although not so captioned, we may treat the opinion as an adjudication, which would trigger Pa.R.C.P. 1518 dealing with exceptions.[3] Appellant did not file exceptions to the adjudication and accordingly, "matters not covered by exceptions are deemed waived, unless prior to final decree,

**2.** The complaint in equity seeks various remedies including the setting aside of conveyances of real estate as fraudulent conveyances under the Uniform Fraudulent Conveyance Act, or otherwise, the declaration that a judgment against appellee, Virginia Mansions, is a lien or encumbrance against property in the hands of Lampl, the grant of preliminary or special injunctions, and the restraint of "Lampl from disposing of the apartment property or any part thereof pending final disposition of this action."

**3.** Pa.R.C.P. 1518 provides:
Rule 1518. Exceptions
Within ten (10) days after notice of the filing of the adjudication, exceptions may be filed by any party to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of court to a failure or refusal to find any matter of fact or law substantially as requested. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters.

leave is granted to file exceptions raising these matters." Appellant not only ignored Pa.R.C.P. 1518, but also Pa.R. C.P. 1519 which provides that: "(a) if no exceptions are filed within the ten (10) day period, the decree nisi shall be entered by the prothonotary on praecipe as the final decree." In this case, all that the appellant did after the filing of the opinion and order of September 30, 1980, was to file an appeal to this court. The case of *Taylor v. Buterbaugh*, 421 Pa. 10, 11, 218 A.2d 731, 732 (1966) is applicable to the matter before us. The court in that case stated:

> The matter in its present posture is not ripe for decision in this court. No adjudication was filed in accordance with the provisions of Pa.R.C.P. Rule 1517, 12 P.S. Appendix. Even were we to consider the opinion of the Chancellor to be an adjudication and his order to be a decree nisi, the record discloses neither the filing and disposition of exceptions thereto and the subsequent entry of a final decree, nor the entry of the order as a final decree by praecipe after the passage of the time allowed for the filing of exceptions. (See Pa.R.C.P. Rules 1518 and 1519). The appeal is, therefore, premature and must be quashed.

In *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 414, 240 A.2d 491, 492 (1968), the Supreme Court considered the question of procedure relating to an appeal in an equity case and stated at 429 Pa. at 414, 240 A.2d 492:

> Pennsylvania Rules of Civil Procedure 1516 to 1519, 12 P.S. Appendix clearly enunciate the steps which must be followed by the chancellor, and by the litigants, before a procedurally proper appeal may be taken to this Court. Rule 1516 recites that the parties may file requests for findings of fact and conclusions of law. Rule 1517 itemizes the contents of the chancellor's "adjudication." This adjudication must contain, in addition to a decree nisi, a summary of the issues raised in the pleadings, specified findings of fact and conclusions of law, and a discussion of the factual and legal questions involved in the case. Rule 1518 allows the parties 20 days to file specific exceptions

to this adjudication. Finally, Rule 1519 provides that the court en banc shall pass on these exceptions, or, if none are filed, the prothonotary, upon praecipe, shall enter the decree as final. All of these steps are necessary to establish an adequate record on appeal.[4]

See also In re Involuntary Termination of Parental Rights, 487 Pa. 387, 409 A.2d 404 (1979).[5]

In the instant case the appeal will be quashed since it was an appeal from an interlocutory order.[6] In addition, the Rules of Civil Procedure to be followed in equity actions were not complied with in the court below.

Appeal quashed.

SHERTZ, J., did not participate in the consideration or decision in this case.

**4.** Pa.R.C.P. 1518 presently requires that exceptions be filed in ten days rather than twenty days.

**5.** The effect of non-compliance with the Rules of Civil Procedure is succinctly stated in Goodrich-Amram, 2d, Vol. 5, page 170, 171, as follows:

Unless the provisions of Rules 1517–1519 are followed, an appeal in an equity case is premature and will be quashed. Review by the court en banc is obligatory. Where no adjudication is filed, and there are no exceptions or final decree, an appeal is premature and will be quashed.

**6.** The issue of the appealability of an order may be raised sua sponte by this court. Marion Power Shovel Co. v. Fort Pitt Steel Casting Co., 285 Pa.Super. 45, 426 A.2d 696 (1981). However, in this case the appellee contended that this court does not have jurisdiction as the order appealed from is in the nature of a decree nisi. "There is, of course, no question that an appeal from a decree nisi must be quashed for it is an appeal from an interlocutory order." Community Sports, Inc. v. The Oakland Oaks, 429 Pa. 412, 413, 240 A.2d 491, 492 (1968).