445 A.2d 837

**Frank VAN AMERINGEN, t/d/b/a Golden Triangle Coal Co., Appellant,**

v.

**ARCADIA COMPANY, INC.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1981.

Filed May 14, 1982.

William J. Martin, Pittsburgh, for appellant.

D. R. Tomb, Jr., Indiana, for appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

PER CURIAM:

■ The order from which the appeal has been filed in this case is a decision in favor of defendant entered following trial without jury of an action in assumpsit. The decision was filed on September 12, 1980; and a notice of appeal was filed by the plaintiff, appellant herein, on October 4, 1980. In the interim, no exceptions were filed to the trial court's decision; and judgment was not entered on the trial court's decision. Under these circumstances, it is clear that a final, appealable order has not been entered. The appeal, therefore, must be quashed.

The controlling principle will be found in Pa.R.C.P. No. 1038(d) and (e), where it is provided as follows:

(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. *Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters.* No motion for a new trial, for judgment *non obstante veredicto*, arrest of judgment or to remove a nonsuit may be filed.

(e) The prothonotary shall, on praecipe, enter final judgment on the decision if no exceptions have been filed within the ten (10) day period .... (emphasis added).

■ A failure to file exceptions, as required by Pa.R. C.P. No. 1038(d), constitutes a waiver of errors which might have been raised; and an appeal from a decision to which no exceptions have been filed must be quashed. *Matczak v. Matczak,* 275 Pa.Super. 164, 418 A.2d 663 (1980); *Gibson v. Miller,* 265 Pa.Super. 597, 602, 402 A.2d 1033, 1036 (1979); *Blake v. Mayo Nursing and Convalescing Home, Inc.,* 245 Pa.Super. 274, 369 A.2d 400 (1976). *See also and compare Houston-Starr Company v. Virginia Mansions Apartments, Inc.,* 295 Pa.Super. 480, 441 A.2d 1334 (1982) (appeal from decree in equity quashed where exceptions not filed as

required by Pa.R.C.P. No. 1518). The need for such a rule is readily apparent. It assures that the trial court will have an opportunity to consider the averments of error made by a party and, if meritorious, to correct the same before an appeal is filed. Compliance is also essential to insure meaningful appellate review.

Appeal quashed.