449 A.2d 627

INNOVATION PRINTING AND LITHOGRAPHY, INC., Appellee,

v.

Robert KRAIN, Individually and d/b/a T. K. Graphics and Krain Graphics, Appellant.

Superior Court of Pennsylvania.

Argued May 25, 1982.

Filed Aug. 6, 1982.

Joseph A. Caprara, Philadelphia, for appellant.

Joseph Chicco, Philadelphia, for appellee.

Before BROSKY, WIEAND and BECK, JJ.

PER CURIAM:

In this assumpsit action, an appeal from compulsory arbitration was heard nonjury before the Honorable Lawrence Prattis. A verdict in favor of the plaintiff, Innovation Printing and Lithography, Inc., and against the defendant, Robert Krain, individually and d/b/a T.K. Graphics and Krain Graphics, was entered on April 10, 1981. No exceptions were filed. A notice of appeal was filed on May 6, 1981.[1]

Pa.R.C.P.No.1038(d) provides that following trial without jury, exceptions may be filed within ten days after notice of the filing of the decision. The rule provides further that "matters not covered by exceptions are deemed waived . . . ."

In *Ameringen v. Arcadia Company, Inc.*, 299 Pa.Super. 444, 445 A.2d 837 (No. 1110 Pittsburgh, 1980; 1982), we said:

[1]. On May 8, 1981, twenty-eight days after the court's decision and two days after an appeal therefrom had been taken, appellant filed in the trial court a motion to reconsider. This was denied on November 23, 1981.

A failure to file exceptions, as required by Pa.R.C.P.No. 1038(d), constitutes a waiver of errors which might have been raised; and an appeal from a decision to which no exceptions have been filed must be quashed. *Matczak v. Matczak*, 275 Pa.Super. 164, 418 A.2d 663 (1980); *Gibson v. Miller*, 265 Pa.Super. 597, 602, 402 A.2d 1033, 1036 (1979); *Blake v. Mayo Nursing and Convalescent Home, Inc.*, 245 Pa.Super. 274, 369 A.2d 400 (1976). *See also and compare Houston-Starr Company v. Virginia Mansions Apartments, Inc.*, 295 Pa.Super. 480, [441] A.2d [1334] (1982) (appeal from decree in equity quashed where exceptions not filed as required by Pa.R.C.P.No.1518). The need for such a rule is readily apparent. It assures that the trial court will have an opportunity to consider the averments of error made by a party and, if meritorious, to correct the same before an appeal is filed. Compliance is also essential to insure meaningful appellate review.

Appellant's failure to file exceptions to the decision from which an appeal was taken compels that the appeal be quashed.

It is so ordered.