461 A.2d 838

## In re INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO SCOTT AND TOMMY.

### Appeal of C.H.

Superior Court of Pennsylvania.

Submitted April 26, 1983.

Filed June 10, 1983.

---

Wayne Fulton Shade, Carlisle, for appellant.

Ruth Duncan O'Brien, Carlisle, for appellees.

Ruby D. Weeks, Carlisle, for participating party.

Before ROWLEY, WIEAND and POPOVICH, JJ.

ROWLEY, Judge:

Appellant is the natural mother of nine-year-old Scott and eight-year-old Tommy. This appeal is from an order terminating her parental rights to her sons.

The termination order was entered on May 7, 1982, almost two months after the United States Supreme Court decided *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388,

71 L.Ed.2d 599 (1982). The evidentiary hearings, however, were held prior to that decision.

In *Santosky*, the Court held that the burden of proof required in involuntary termination of parental rights cases is "clear and convincing evidence". The trial court's opinion sets out in detail the extensive evidence which was presented at the hearings. However, no mention is made of the standard of proof which was used in evaluating that evidence. Therefore, it is impossible for us to determine if the correct standard, clear and convincing evidence, was applied in this case.

As an appellate court, we may not make our own initial determination of whether the evidence meets the clear and convincing standard. Such an evaluation is for the factfinder. *In re: Adoption of M.E.T.*, 313 Pa.Super. 316, 459 A.2d 1247 (1983). As the Supreme Court stated in *Santosky:*

"Since the litigants and the factfinder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance. Retrospective case-by-case review cannot preserve fundamental fairness when a class of proceedings is governed by a constitutionally defective evidentiary standard."

455 U.S. at 757, 102 S.Ct. at 1396, 71 L.Ed.2d at 609.

Therefore, we will remand this case to the trial court for further proceedings at which the clear and convincing evidence standard will be applied.

As pointed out by Judge Cavanaugh in *In re: Adoption of M.E.T., supra,* new evidentiary hearings may not be necessary in a case such as this. The trial court will determine, after hearing arguments of counsel, whether new evidentiary hearings are required. If the court concludes that counsel would have tried the case differently had it known that a clear and convincing standard would be applied or concludes that the evidence should be expanded, then it should schedule new evidentiary hearings. However, if the court concludes that new evidentiary hearings are not required, it need only reconsider its prior findings in

light of the clear and convincing standard and modify those findings as necessary.

Order vacated and case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.