462 A.2d 851

**In re Involuntary Termination of Parental Rights to B.L. and J.L.**

**Appeal of R.P.L. and M.I.L., Husband and Wife.**

Superior Court of Pennsylvania.

Submitted April 26, 1983.

Filed July 8, 1983.

Murrel R. Walters, III, Mechanicsburg, for appellants.

Ruby D. Weeks, Carlisle, for Children & Youth, participating party.

Ruth Duncan O'Brien, Carlisle, for B.J.L., et al., participating parties.

Before ROWLEY, WIEAND and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from a final decree entered by the Court of Common Pleas of Cumberland County in which the parental rights of R.P.L. and M.B.L., the natural mother and father of B.L. and J.L., were terminated involuntarily.[1] We reverse and remand the matter for the reasons herein stated.

The order which forms the basis of the instant appeal was entered on July 14, 1982, approximately four months after the United States Supreme Court's decision in *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In *Santosky,* the Supreme Court held that involuntary termination proceedings are governed by a "clear and convincing evidence" standard of proof, because "such a standard adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." *Id.* at 769, 102 S.Ct. at 1402–3, 71 L.Ed.2d at 617.

More recently, this Court has stated that the *Santosky* decision applies "to all cases in which appeals had not been exhausted at the time the *Santosky* decision was rendered."

---

1. The trial court entered its termination order pursuant to "Local Orphans Court Rule 31.1 adopted August 6, 1980, which provides inter alia 'All decrees entered in the Orphans' Court shall be final decrees.'" *"ORDER OF COURT"* dated July 14, 1982. Because no rule of the Orphans Court of Common Pleas of Cumberland County required exceptions to be taken to adoption decrees, appellants' failure to file exceptions does not constitute a waiver of the issues raised on appeal. *See In re Adoption of R.W.B.,* 485 Pa. 168, 171 n. 1, 401 A.2d 347, 348 n. 1 (1979). It appears that Rule 31.1 was adopted in order to cure the defect in the record which necessitated a remand because a final decree had not been entered. *See In re Involuntary Termination of Parental Rights to B.M.D. and R.L.D.,* 487 Pa. 387, 389 n.1, 409 A.2d 404, 405 n. 1 (1979).

*In re: Adoption of M.E.T., Appeal of: M.E.T.G.*, 313 Pa.Super. 316, 318, 459 A.2d 1247, 1249 (1983).

■■■■■ Although the termination order in the instant case was entered after the date of the *Santosky* decision, the evidentiary hearings conducted at the trial were held on January 15th, January 22nd, and February 2nd of 1982, prior to that decision. Additionally, the trial court's extensive seventeen page opinion makes no mention of the standard of proof which it applied in examining the evidence presented. As a result, this case is controlled by a recent case of this Court where we remanded because "it is impossible for us to determine if the correct standard, clear and convincing evidence, was applied in this case." *In re: Involuntary Termination of Parental Rights to Scott and Tommy*, 315 Pa.Super. 144, 146, 461 A.2d 838, 839 (1983). Instead of engaging in an independent review of the record, it is our view that a remand is the better practice particularly where the trial court has terminated parental rights "so that the trier-of-fact, who had an[ ] opportunity to observe the witnesses and their demeanor, can re-evaluate the evidence in light of the new evidentiary standard." [2] *Appeal of G.J.A.*, 304 Pa.Super. 21, 27 n. 5, 450 A.2d 80, 83 n. 5 (1982).

In the event that the trial court determines that new evidentiary hearings are necessary, then those hearings should be scheduled. On the other hand, "if the court concludes that new evidentiary hearings are not required, it need only reconsider its prior findings in light of the clear and convincing standard and modify those finds as necessary." *In re: Involuntary Termination of Parental Rights to Scott and Tommy*, 315 Pa.Super. at 146–47, 461 A.2d at 839.

2. Where a review of the record "convinces us that even the lower standard of preponderance of the evidence had not been satisfied", the matter will not be remanded, and the termination petition will be denied. *See In re: Adoption of M.E.T., Appeal of: M.E.T.G.*, 313 Pa.Super. at 323, n. 5, 459 A.2d at 1251 n. 5.

178

The matter is remanded for further proceedings not inconsistent with this opinion. Jurisdiction is relinquished.