468 A.2d 517

**In the Matter of ADOPTION OF T.N.J. and K.M.J.**

**Appeal of L.A.J.**

Superior Court of Pennsylvania.

Submitted Sept. 30, 1983.

Filed Dec. 2, 1983.

Marilyn Woolery, Erie, for appellant.

Terrence P. Cavanaugh, Erie, for appellees.

James E. Beveridge, Erie, for participating party.

Before WICKERSHAM, ROWLEY and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which involuntarily terminated the rights of L.A.J., the natural mother of T.N.J. and K.M.J. We must reverse and remand for the reasons herein stated.

The order which forms the basis of the instant appeal was entered on February 8, 1982. However, subsequent to the entry of the trial court's order,[1] the United

---

**1.** We note from the record that the parental rights of the natural father also were terminated at the same time as appellant's. However, only appellant filed exceptions to the trial court's order. It appears, however, that a decree was not entered by the prothonotary as a final decree with respect to the natural father's rights. *See* Pa.R.C.P. 1519. The order which appellant appealed dismissed her exceptions. However, that order did not affirm the previous order which had been entered terminating appellant's rights. *Id.* Despite this irregularity, we will not penalize appellant for this error. Hence-

States Supreme Court's decision in *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) held that involuntary termination proceedings are governed by a "clear and convincing evidence" standard of proof, because "such a standard adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." *Id.* at 769, 102 S.Ct. at 1402–3, 71 L.Ed.2d at 617. Thus, we must remand this case because it was pending on appeal on March 24, 1982, the date that *Santosky* was decided. *See, e.g., In Re: T.R.,* 502 Pa. 165, 465 A.2d 642 (1983); *In Re: Involuntary Termination of Parental Rights to B.L. and J.L.,* 316 Pa.Super. 175, 462 A.2d 851 (1983); *In Re Involuntary Termination of Parental Rights to Scott and Tommy,* 315 Pa.Super. 144, 461 A.2d 838 (1983); *In Re Adoption of M.E.T.,* 313 Pa.Super. 316, 459 A.2d 1247 (1983).

Reversed and remanded. Jurisdiction is relinquished.

forth, any appeal should be from a final decree in compliance with the rules. See also, *In Re Involuntary Termination of Parental Rights to B.M.D. and R.L.D.,* 487 Pa. 387, 409 A.2d 404 (1979).