494 A.2d 471

**Frank ZOTTOLA and Virginia Zottola, his wife, and Mario Zottola and Janet Zottola, his wife,**

v.

**Arthur VENTURINO and Lucy Venturino, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued March 13, 1985.

Filed June 14, 1985.

W. Thomas Laffey, Jr., Pittsburgh, for appellants.

290

Before DEL SOLE, HESTER and FEENEY *, JJ.

DEL SOLE, Judge:

The present dispute centers around a parcel of land located in Hampton, Pennsylvania, which was determined to belong to the Zottolas ($^2/_3$ interest) and the Venturinos, Appellants ($^1/_3$ interest). The Zottolas built a garage on the property, and dissension developed between the parties. The disagreement resulted in the Zottolas filing a complaint in equity requesting partition of the property held as joint tenants with Appellants. A counter-claim was filed by Appellants on May 7, 1982, under Pa.R.C.P. 1556. After the court held a preliminary hearing, an Order was entered on June 24, 1983, and was labeled "Findings", and ordered that the land be partitioned according to the separate interests of the parties and also required a private sale under Pa.R.C.P. 1558. The Appellees, following Pa.R.C.P. 1563(b), filed an objection to the private sale on July 5, 1983. As the majority owners of the property, the Appellees requested that the property be awarded to them subject to payment to Appellants of their share of the garage and land's valuation. Appellants took no action from the June 24 Order (either party may take a direct appeal as of right from an order directing partition, Pa.R.App. 311(a)(6), but no exceptions are permitted, Pa.R.C.P. 1557.) The court, in essence, granted Appellee's objections on August 30, 1983, by issuing the "Final Decree" in which the property was awarded to the Appellees providing that payment was made to the Appellants for the valuation of their share which the court would determine. Neither party took an appeal or filed exceptions from the August 30, 1983 Order. After Appellants refused to accept payment from the Appellees, injunction proceedings were instituted. The Court, on November 21, 1983, ordered Appellees to make full and final payment through the Prothonotary. On December 21, the appeal was taken by the Venturinos from the November 21 Order. The merits of the appeal do not address the injunction

* Judge John M. Feeney, Judge of the Court of Common Pleas of Allegheny County is sitting by designation.

Order dated November 21, instead, Appellants attack the Final Order of August 30 which awarded the property to the Appellees. Appellees have made a motion to this Court to quash the appeal as untimely under Pa.R.App.P. 903 (appeal as of right must be taken within 30 days of the challenged order).

In support of the timeliness of their appeal, the Venturinos maintain that there was no proper Decree Nisi or adjudication issued in compliance with the Partition Procedure Pa.R.C.P. 1570 and Equity Procedure Pa.R.C.P. 1517 [1]. Because the final decree was entered without affording the parties the opportunity to file exceptions or to correct court errors, they argue, the final decree is a nullity and can be challenged at any time. They cite, *Patrick & Wilkins Co. v. Adams*, 456 Pa. 566, 322 A.2d 341 (1974), for the proposition that the final decree must be vacated and the case remanded when a proper Decree Nisi was never issued.

It appears from the relevant case law that two distinct resolutions have been adopted by the Pennsylvania Courts. In *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976), upon which the Appellants rely, the Supreme Court of Pennsylvania reviewed the substantive issues on direct appeal where no Decree Nisi had been entered under Pa.R.C.P. 1517. The requirement of filing exceptions to the Decree was, therefore, excused. In *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 240 A.2d 491 (1968), the Chancellor also did not file a Decree Nisi. The Court found that because of the lack of the Decree, no exceptions were filed, and the court had no opportunity to correct its errors prior to the entry of the final decree. On direct appeal, the Supreme Court vacated the Decree and remanded for the court to prepare an adequate adjudication under Pa.R.C.P. 1516–17. This Court noted a possible difference in the two lines of cases in

1. A proper Decree Nisi would meet the requirements of both rule 1517 and 1570. The partition rules are actions in equity. Rule 1551 incorporates 1570 the equity requirements of Rule 1517 into Rule by reference. Goodrich-Amram 2d. Standard Pa. Practice, Rule 1570: 1, p. 574.

*Cornell v. D'Italia*, 287 Pa.Super. 233, 429 A.2d 1186 (1981): *Derry* dealt with administrative agency action while *In re: Involuntary Termination of Parental Rights*, 487 Pa. 387, 409 A.2d 404 (1979) and *Community Sports, Inc., supra.*, were actions in equity cases, and the court remanded for entry of a Decree Nisi. In all of these cases, however, direct and timely appeals were taken to the Superior Court. The instant case presents a situation where the Final Decree was entered on August 30, 1983, but the appeal was not taken until December 21, 1983, well after the thirty day appeal period had passed. We are constrained to hold, therefore, that because Appellants did not complain of the improper procedure used by the trial court within 30 days from the final decree, but instead objected when the order was being enforced, we have no jurisdiction to decide the merits. We agree with Appellees that all parties were informed that the August 30, 1983 Order was intended to be final. Appellants took no action either by filing post-trial motions, motion for reconsideration or taking a timely direct appeal to this court. Therefore, Appellees motion to quash the appeal is granted.

Appeal quashed.