**Michael McCRERY, Stephan Blumberg and Kathryn McCrery**

v.

**Sharon ANER, Simon Alexander & Jane and John Doe.**

Civ. A. No. 90–1231.

United States District Court, E.D. Pennsylvania.

June 11, 1990.

Michael McCrery, pro se and for plaintiffs.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff Michael McCrery has filed this *pro se* civil rights complaint on behalf of himself, his daughter and his stepson. Plaintiff alleges that employees of Community Youth Services ("CYS") of Delaware County, Pennsylvania, have taken his children from him without due process of law.[1] The complaint is grounded in sections 1983, 1985(2) and 1986 of Title 42 of the United States Code.

With his complaint, plaintiff has filed a request for leave to proceed *in forma pauperis*, and an eloquent application for appointment of counsel. On April 10, 1990, plaintiff submitted a supplemental petition, entitled "Petition to invoke the Pendent Jurisdiction of this Court." These motions are the subject of this memorandum.

As it appears plaintiff is unable to pay the cost of commencing this action, leave to proceed *in forma pauperis* will be granted in an accompanying order.

According to his complaint, plaintiff is currently incarcerated in SCI Graterford, where he is serving a life sentence imposed pursuant to his August 4, 1988 conviction for the slaying of his wife, Patricia McCrery. The children, Stephan Blumberg and Kathryn McCrery, are, respectively, the stepson and daughter of plaintiff, and also are the children of Patricia McCrery. For the purposes of this memorandum, it will be assumed that plaintiff does in fact "have the same parental rights in Stephan

---

1. Jane and John Doe are alleged to be agents of the state defendants, with current custody of the children.

as he would in a natural child." [2] Stephan and Kathryn were taken into the custody of the CYS after Mr. McCrery's arrest; Mr. McCrery has not been in contact with the children since that time, though he has attempted to remain in contact. Petition for Pendent Jurisdiction, Exhibit "B".

Plaintiff alleges various due process defects in the placement and termination proceedings initiated by CYS. The specific abuses alleged by plaintiff include (1) inadequate notice of the proceedings (¶¶ 99, 103), (2) CYS's decision not to place the children in the homes of friends and relatives of plaintiff (¶¶ 32, 81–89), (3) CYS's prejudicial deference to the wishes of the children's maternal grandparents (¶ 124), and (4) CYS's violation of a May 24, 1988, preliminary court order regarding the temporary placement of the children.

The most serious allegation made by plaintiff is that, although to date "none of [plaintiff's] parental rights have been terminated by any court" (¶ 100), Stephan has been adopted by Jane and John Doe, and has been moved, with Kathryn, to some western state (¶ 95). According to plaintiff, the preliminary order prohibits long-term removal of Stephan and Kathryn from the state (¶ 101). Although it appears that, since the submission of the complaint, plaintiff's parental rights in Kathryn have been formally terminated,[3] nonetheless, plaintiff's complaint makes serious charges of improprieties involving CYS's custody and care of Stephan and Kathryn.

Plaintiff requests the following relief:

That the situation should be restored to the point before these violations occurred, and, thus:

(1) The children be returned to the jurisdiction of the Pennsylvania courts.

(2) The adoption of Stephan be voided and dissolved.

(3) That CYS relinquish custody of the children.

(4) That custody of the children be vested in a caretaker nominated by Michael and acceptable to the Court.

(5) The children be informed that Michael had repeatedly denied killing their mother.

(6) That the children be informed that Michael is still seeking his "day in court" to prove his innocence.

(7) The defendants shall cease all efforts to isolate and alienate Michael and the children.

(8) That Kathryn and Stephan should be reunited with Michael under the guidance of a professional to be nominated by Michael and acceptable to the Court.

(9) That Michael's parental rights shall continue unabated unless and until such time as they are specifically revoked by Due Process.

(10) That the defendants shall bear the costs and expenses of these reliefs.

Complaint. Mr. McCrery also seeks the costs and other fees "associated with his attempts to seek Due Process," in the amount of approximately $11,000.00, as well as an award of $50,000.00 for "emo-

---

**2.** Although plaintiff is neither the natural or adoptive parent of Stephan, he alleges, in pertinent part, that:

    10. On February 1, 1984, Michael McCrery, Patricia Burnaz and Stephan Blumberg, then age 3, moved into cohabitation in West Chester, Pennsylvania.

    11. From this time on both Patricia and Stephan used the surname "McCrery".

    12. Subsequently Stephan was known as "McCrery", and was known and accepted as Michael's son for all purposes, including medical records, insurance, schooling, Social Security Administration, the Internal Revenue Service, and for baptismal services by the United Methodist Church.

    13. By the terms of Michael's Last Will and Testament, Kathryn and Stephan are sole, and equal, heirs.

98. The Commonwealth of Pennsylvania recognizes that Michael has the same parental rights in Stephan as he would in a natural child.

Complaint. The last assertion is contradicted by the report of psychologist G. Fleischer, Ph.D., which explains that "Stephan (*who is not Mr. McCrery's legal child*) was given to the foster parents who have since adopted him." Petition for Pendent Jurisdiction, Exhibit "B", emphasis added.

**3.** March 27, 1990 Order of the Court of Common Pleas for Delaware County, Orphan's Court Division, Petition for Pendent Jurisdiction, Exhibit "C".

tional pain and suffering," and $100,000.00 in "exemplary punitive damages" for each of the plaintiffs.

Although the entire complaint is based on § 1983, because of the nature of the errors alleged and the relief requested, plaintiff's complaint can be fairly characterized as having two separate goals: (1) to seek review of the decisions of the CYS and the Orphan's Court in their care of Kathryn and Stephan, that is, to appeal the state court orders, and (2) to protect plaintiffs from the imminent harm caused by the alleged violations of their due process rights. That the main goal is to appeal the determinations of the Orphan's Court is a conclusion supported by the petition for pendent jurisdiction. *See, e.g.,* Petition for Pendent Jurisdiction, ¶¶ 7–8.

### Appeal of the CYS's Decisions

The Supreme Court has held that there is a fundamental liberty interest of parents in the care, custody and management of their children, an interest which is protected by the Constitution. *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). As a result, parental terminations are subject to a strict review. *Santosky, supra; In re T.R.,* 502 Pa. 165, 465 A.2d 642 (1983); *In re T.N.J. and K.M.J.,* 321 Pa.Super. 355, 468 A.2d 517 (1983). Nothing in the complaint indicates that plaintiff, either through his counsel,[4] or acting on his own behalf, has objected to the removal of the children from the state, or appealed in the state courts the adoption of Stephan; however it does appear that plaintiff is appealing the order terminating his parental rights in Kathryn.

■ Accordingly, that portion of the complaint which appeals the actions of the CYS and the Orphan's Court must be dismissed for lack of jurisdiction, and the petition to invoke pendent jurisdiction must be denied on the same grounds. If, as Mr. McCrery alleges, the defendants are making incorrect decisions regarding the placement of Stephan and Kathryn, or the termination of his parental rights in either or both children, then plaintiff must first pursue all avenues of state court review of the CYS's actions. "Federal courts are without authority to function as an appellate arm of the state courts." *Pilkinton v. Pilkinton,* 389 F.2d 32 (8th Cir.), *cert. denied,* 392 U.S. 906, 88 S.Ct. 2057, 20 L.Ed.2d 1364 (1968) (regarding appeal, on fifth and fourth amendment grounds, of divorce decree entered in state court). Pursuant to 28 U.S.C. § 1257, "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari...." Thus, before seeking federal review of the termination of his parental rights, Mr. McCrery must first appeal that termination in the state court system. If, at the end of the state appellate process, Mr. McCrery remains of the view that substantial federal claims remain unredressed, Mr. McCrery may seek Supreme Court review.

### The § 1983 Claim

■ Mr. McCrery alleges that he is currently being harmed by due process violations perpetrated by the CYS, and seeks protection from any further due process violations. Plaintiff also seeks recovery for a direct harm—namely, "emotional pain and suffering"—springing from the alleged due process violations. These claims may be cognizable under 42 U.S.C. § 1983. However, because they are inextricably woven into the state court proceedings, they cannot be acted upon at this time.

Mr. McCrery's first line of protection from any improper procedures employed by the CYS is the Pennsylvania court system. Mr. McCrery has indicated that he is appealing the termination order; his complaints of procedural defects in the termination proceedings can be incorporated into that appeal, and certainly fall within the reviewing powers of the Pennsylvania appellate courts. It would be inappropriate for this court to initiate a constitutional review which may be displaced tomorrow

---

4. In all stages of the Orphan's Court proceedings plaintiff has been represented by counsel.

(¶¶ 33, 61).

by a state adjudication. *See, e.g., Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

It would also be inappropriate to initiate, at this time, an assessment of Mr. McCrery's claim of emotional distress, since that claim is also closely linked to the issues pending in the appeal. Accordingly, the action will be put into civil suspense pending the outcome of Mr. McCrery's state court appeal.

### ORDER

For the reasons discussed in the accompanying memorandum, it is hereby ORDERED that:

(1) plaintiff's request for leave to file *in forma pauperis* is GRANTED. Plaintiff's complaint is to be FILED by the Clerk;

(2) that portion of plaintiff's complaint which seeks substantive review of the decisions of the CYS is DISMISSED pursuant to 28 U.S.C. § 1915(d);

(3) plaintiff's "Petition to Invoke the Pendent Jurisdiction of This Court" is DENIED; and

(4) this action shall be put in civil suspense pending the resolution of plaintiff's state court appeal.