Philadelphia *v.* Protect-A-Life Corporation et al.

470

Argued October 5, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS

*S. Jay Sklar*, Assistant City Solicitor, with him *John M. McNally, Jr.*, First Deputy City Solicitor, *John Mattioni*, Deputy City Solicitor and *Levy Anderson*, City Solicitor, for appellant.

*Louis J. Carter*, with him *Warren L. Soffian*, for appellees.

PER CURIAM OPINION, December 3, 1971:

Before us is a motion of the appellees to quash an appeal to this Court taken by appellant from a chancellor's adjudication in equity made orally in open court at the end of the trial. Appellees contend that their motion should be granted for want of an appealable order or, alternately, for failure to comply with relevant procedural rules.

Pa. R. C. P. 1517 sanctions, as one of two alternatives, the procedure adopted by the chancellor in this case in rendering his adjudication in open court at the conclusion of the trial. The adjudication made pursuant to Rule 1517, however, is one by a chancellor con-

templating the issuance of a decree nisi to be followed by a final decree by the court incident to disposition of exceptions if any are filed.

On its face the adjudication from which this appeal was taken does not disclose whether the chancellor considered his decree to be a decree nisi or a final decree. As entered upon the docket it was denominated as a final decree. If it is considered to be a decree nisi it is not an appealable order, *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 240 A. 2d 491 (1968). If it is considered to be a final decree then no time was allowed for the filing of exceptions and the very right to file exceptions was negated contrary to Rule 1518.

If this appeal was not one from the Court of Common Pleas of Philadelphia County noncompliance with Rule 1518 would require the appeal to be quashed or the case remanded for further proceedings consistent with Rules 1518 and 1519.

Appellant points out, however, that Rule 1519 contains an exception applicable to the Court of Common Pleas of Philadelphia County which exception, it contends, obviates the necessity for compliance with Rule 1518 in Philadelphia County equity cases.

We disagree.

Rule 1518 provides: "Within twenty (20) days after notice of the filing of the adjudication, exceptions may be filed by any party to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of court to a failure or refusal to find any matter of fact or law substantially as requested. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters."

That portion of Rule 1519 dealing with the disposition of exceptions provides: "(b) Except as provided by Rule VII of the Special Rules, Courts of Common Pleas, First Judicial District, Philadelphia County, promulgated July 31, 1963, exceptions shall be heard by the court en banc, which shall sustain or dismiss them in whole or in part, and affirm, modify or change the decree nisi accordingly, or enter any other appropriate order."

Rule VII of the Special Rules, Court of Common Pleas of Philadelphia County, provides that exceptions to a chancellor's findings, conclusions and decree nisi are not required to be heard and disposed of by a court en banc. It does not and cannot deny to or circumscribe the right of the parties to file exceptions as prescribed by Rule 1518 and have them disposed of as prescribed for Philadelphia County by Rule 1519 and Rule VII of the Special Rules of that court.

Nor does appellant's contention take into consideration the important role served by exceptions in refining the issues of fact and law on review by the trial court and on appellate review, and the provision of Rule 1518 that matters not raised by exceptions are deemed to have been waived.

This particular appeal demonstrates the need for and wisdom of the procedural requirements of Rules 1518 and 1519. The briefs filed on the merits of the appeal raise one or more legal issues not discussed by the chancellor in his adjudication, and disclose marked differences as between the parties on the legal issues to be disposed of by this Court on the appeal, the very uncertainty and dispute these rules and the prior practice they supplanted were designed to overcome.

As appellees had equal opportunity with appellant to seek correction of these procedural defects in the court below but apparently did not attempt to do so,

we shall not quash the appeal. However, we shall remand the case to the court below.

The decree below is hereby declared to be a decree nisi of the chancellor, and the record is remanded with instructions that further proceedings in conformity with Pa. R. C. P. 1518 and 1519 be had; the time for filing exceptions by the parties to be fixed by the chancellor.

Each party to bear its own costs.