429 A.2d 1186

Edgar J. CORNELL, and Frances R. Cornell, His Wife, Appellants,

v.

Louis F. D'ITALIA and Virginia D'Italia, His Wife.

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed May 15, 1981.

Stuart A. Leibowitz, Norristown, for appellants.

Parke H. Ulrich, Norristown, for appellees.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This appeal culminates from a neighborhood dispute over the construction and location of a car-port. Appellees, the defendants in the lower court, applied for and received a building permit for the erection of a car-port adjacent to their residence. Said structure was erected in appellees side yard which adjoins appellants' property. The township subsequently, after receiving complaints from appellants, advised appellees that the structure did not conform to the building permit or the zoning ordinance. The township ordered the front elevation of the structure and certain trees be removed to allow for the ingress/egress of an automobile. Appellees made the suggested corrections and the township indicated that it was satisfied with the changes and believed the structure now conformed with the permit and the ordinance.

Appellants filed a complaint in equity claiming the structure was not being used as a car-port and was in violation of the zoning ordinance as it was less than three feet from the side lot line of appellants' premises. The township had previously informed appellants that it would not undertake any further action with respect to the car-port. Appellants claimed damages not shared by their other neighbors. They alleged decreased property value, increased rain runoff and interference with their use of their own house. Appellants requested injunctive relief.

Appellees' preliminary objections were denied. Appellees filed an answer to the complaint insisting the structure was used as a car-port, though admitting it was occasionally used for entertaining. Any encroachment of the three foot setback was claimed to be the result of an innocent mistake. Appellees denied that the structure caused any injuries to the appellants.

After hearing testimony from the parties and reviewing memoranda filed by the parties, the court entered the following order.

## ORDER

AND NOW, this 25 day of June, 1979, after hearing, we find for defendants because the testimony does not confirm any of the allegations of the complaint.

The parties did not request findings of facts and conclusions of law pursuant to Rule 1516, Pennsylvania Rules of Civil Procedure. Nor did the chancellor make an itemized adjudication containing a decree nisi, a summary of the issues, findings of fact, conclusions of law and a discussion thereon as required by Rule 1517. No opportunity was given to the parties to file exceptions, and none were filed. See Rule 1518. Finally there was no court en banc review, nor was a praecipe for a final decree filed as required by Rule 1519. Instead appellants here directly appeal from such order.

Appellants cite *Commonwealth v. Derry Township, etc.*, 466 Pa. 31, 351 A.2d 606 (1976) to justify the procedural timing of this current appeal. Appellees do not address the appropriateness of the appeal. It is clear that neither the parties nor the court have proceeded in conformity with Rules 1516–1519, Pa.R.C.P. The initial question we must decide is whether the procedural irregularities interfere with our review on the merits. In this area there appears to be conflicting case law.

In *Derry*, relied upon by appellants, the Supreme Court found that an order of the Commonwealth Court contained no findings of fact, no conclusions of law, nor any language which would indicate it was a decree nisi, or that the parties had to file exceptions to perfect their appeal. The court held:

> There is nothing on the face of the order which would indicate that it is anything other than a final order and, as such, the requirements of Rule 1518 are not applicable. When the court's order neither comports with the requirements of Rule 1517 nor indicates on its face that the order is a decree nisi, it should not be presumed that exceptions must be filed in order to preserve a right of appeal. [This] . . . appeal is therefore properly before us. Id., 466 Pa. at 41–42, 351 A.2d 606.

The court went on and determined that the record was factually insufficient and remanded.

In apparent contradiction to *Derry* is *In re Involuntary Termination of Parental Rights*, 487 Pa. 387, 409 A.2d 404 (1979), (hereafter referred to as *Parental Rights*). In that case the lower court terminated the parental rights of the appellant in his minor children. The Supreme Court noted that Rules 1517–1519 had been completely disregarded. No adjudication or decree nisi had been entered; appellant had no opportunity to file exceptions, and the court had no opportunity to correct its errors, if any there were, prior to the final decree. There the court, quoting from *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 414, 240 A.2d 491, 492 (1968), stated that:

"Pennsylvania Rules of Civil Procedure 1516 to 1519 clearly enunciate the steps which must be followed by the chancellor, and by the litigants, before a procedurally proper appeal may be taken to this Court. Rule 1516 recites that the parties may file requests for findings of fact and conclusions of law. Rule 1517 itemizes the contents of the chancellor's 'adjudication.' This adjudication must contain, in addition to a decree nisi, a summary of the issues raised in the pleadings, specified findings of fact and conclusions of law, and a discussion of the factual and legal questions involved in the case. Rule 1518 allows the parties 20 days to file specific exceptions to this adjudication. Finally, Rule 1519 provides that the court en banc shall pass on these exceptions, or, if none are filed, the prothonotary, upon praecipe, shall enter the decree as final. All of these steps are necessary to establish an adequate record on appeal." Accord, *Thompson v. Thompson*, 451 Pa. 546, 301 A.2d 644 (1973).

As the court in *Community Sports* held that the failure to comply with the Rules of Civil Procedure rendered the decree in that case a nullity, vacation of the decree was required. We believe a similar result is required. 487 Pa. at 391–92, 409 A.2d 404.

The *Derry* court did not discuss *Community Sports.* The *Parental Rights* court did not mention, let alone distinguish, *Derry.* Excluding the *Derry* Opinion, *Parental Rights* continues a well established precedent. See, *Slotsky v. Gellar*, 455 Pa. 148, 314 A.2d 495 (1974); *Thompson v. Thompson*, 451 Pa. 546, 301 A.2d 644 (1973); *Community Sports, supra; Balin v. Pleasure Time, Inc.*, 243 Pa.Super. 61, 364 A.2d 449 (1976); *Groff v. Borough of Sellersville*, 12 Pa.Cmwlth. 315, 314 A.2d 328 (1974); and *Philadelphia v. Protect-A-Life Corporation, et al.*, 3 Pa.Cmwlth. 469, 284 A.2d 158 (1971). But see, *Watson v. City of Sharon*, 45 Pa.Cmwlth. 285, 406 A.2d 824 (1979), (citing *Derry*).

Our Supreme Court has apparently remained silent as to the difference between *Derry* and *Parental Rights.* We find nothing in the opinions themselves which explain the contra-

diction. The court in *Derry* apparently assumed Rules 1516–1519 were applicable to an administrative agency action brought in the Commonwealth Court. While in *Parental Rights* the court explicitly found that the rules for actions in equity pertain to actions brought in Orphans' Court. Since we are presently concerned with an equitable action, and *Parental Rights* is the more recent statement of the law in such actions, we must be guided by that decision. Accordingly, appellants' reliance upon . *Derry* is misplaced. As appellants' premature appeal was a result of both their and the court's failure to follow Rules 1516–1519, we believe they should not be penalized for taking this appeal.

The decree below is vacated and the record is remanded with instructions that the court prepare an adjudication in compliance with Pennsylvania Rules of Civil Procedure 1516–17. The parties then, if they so choose, may proceed in conformity with Rules 1518–19.