485 A.2d 1209

**Janet TALLON, Appellant,**

v.

**LIBERTY HOSE COMPANY NO. 1.**

Superior Court of Pennsylvania.

Argued Aug. 14, 1984.

Filed Dec. 14, 1984.

532

Rita Bernstein, Philadelphia, for appellant.

James Ronca, Harrisburg, for appellee.

Before WICKERSHAM, JOHNSON and HOFFMAN, JJ.

PER CURIAM:

Janet Tallon appeals from the order of the Court of Common Pleas of Dauphin County denying her motion for an award of counsel fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

The litigation that ultimately resulted in this appeal commenced on July 31, 1980 when Janet Tallon, appellant herein, filed a complaint against appellee Liberty Hose Company, a volunteer fire company in the Borough of Williamstown, alleging that it had denied her application for membership solely on the basis of her sex. Plaintiff-appellant sought both declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, as well as the Equal Rights Amendment to the Pennsylvania Constitution, Art. 1, section 28. More specifically, appellant asked that the court declare appellee's rejection of her application a violation of 42 U.S.C. § 1983 and the Pennsylvania Equal Rights

Amendment. Appellant also requested that the court order Liberty Hose to admit her to active membership and to adopt a procedure which would ensure that applicants are not rejected on the basis of their sex.

After some discovery, the parties negotiated a consent decree which was approved by the Honorable William W. Caldwell on March 8, 1982. The parties agreed, among other things, that appellant would be admitted as a probationary member of the hose company, and if she fulfilled the probationary requirements, which applied to all members, she would be admitted as a permanent member. The consent decree further stated that the constitution and by-laws of the hose company would be amended to specify that no person would be rejected from membership on the basis of gender. Liberty Hose made no admission that it had violated federal law.

█ Although appellant had requested an award of attorney's fees in her original complaint, the consent decree made no mention of counsel fees. On July 7, 1982, appellant's counsel contacted the hose company's attorney in an effort to reach an agreement on the question of attorney's fees. The negotiations were unsuccessful and in October of 1982, appellant filed a petition for award of counsel fees pursuant to the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. Liberty Hose filed a motion to quash appellant's petition. A hearing was held on March 29, 1983 before the Honorable John C. Dowling and on June 13, 1983, Judge Dowling issued an order denying appellant's motion for an award of counsel fees. This appeal timely followed.[1]

1. Appellee argues that under Pa.R.C.P. 1518, appellant was required to file exceptions to Judge Dowling's opinion of June 13, 1982 and that her failure to do so results in a waiver of all the issues raised in this appeal. We note, however, that the trial court's order from which the instant appeal was filed did not comply with the Pa.R.C.P. 1517 requirements of an adjudication. While the court wrote an extensive opinion, neither the opinion nor the accompanying order contained any language which would indicate that the order was a decree nisi, or that the parties were required to file exceptions to perfect a right of appeal. *Barton v. Penco,* 292 Pa.Super. 202, 204, 436 A.2d 1222, 1223

■ Appellant presents us with five issues, all of which address the question of whether the lower court erred in refusing to grant her motion for an award of counsel fees pursuant to 42 U.S.C. § 1988.[2] In her first issue, appellant asks whether she met all of the requirements for an award under that statute. Section 1988 provides in pertinent part:

In any action or proceeding to enforce a provision of sections ... 1983 ... of this title ... the court, in its discretion may allow the prevailing party, ... a reasonable attorney's fee as part of the costs.

The lower court held, and we agree, that appellant met the requirements of the Act in that she was the prevailing party in a section 1983 cause of action.[3]

■ Despite the fact that appellant met the requirements of the Act, the lower court held that the case presented "special circumstances" requiring a denial of an award.

(1981). "Where an order neither comports with the requirements of Pa.R.C.P. 1517 nor contains a suggestion that exceptions must be filed in order to preserve a right of appeal, the failure to file exceptions will be excused." *Storti v. Minn. Mut. Life Ins. Co.,* 331 Pa.Super. 26, 28, 479 A.2d 1061, 1062 (1984).

2. It is clear that attorney's fees can be awarded pursuant to section 1988 despite the fact that this case was brought in state court. In *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), the United States Supreme Court affirmed a decision by the Supreme Judicial Court of Maine which concluded that prevailing parties were entitled to attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976 even though there was no specific state authorization for payment of legal fees. Additionally, the Court's opinion refers to comments in the Congressional Record by Representative Drinan describing the purpose of the Act as " 'authoriz[ing] the award of a reasonable attorney's fee in actions brought in State or Federal Courts.' 122 Cong.Rec. 35122 (1976)." *Id.* at 11, 100 S.Ct. at 2508, 65 L.Ed.2d at 563.

3. Appellee avers that appellant's claim against appellee did not involve any right guaranteed by the Constitution or laws of the United States and therefore she cannot recover counsel fees under 42 U.S.C. § 1988. We find this argument to be meritless. The lower court found, and we agree, that appellant stated a § 1983 claim in her complaint. More specifically, she alleged that appellee's actions denied her due process and equal protection of the laws of the United States. The fact that appellant based much of her claim on state law does not mitigate her simultaneous reliance on the protection of 42 U.S.C. § 1983. Since the litigation resulted in a decree in her favor, she is eligible for an award of attorney's fees pursuant to § 1988.

This standard was articulated in *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), in which the United States Supreme Court stated: "one who succeeds in obtaining an injunction under [section 1983] should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 402, 88 S.Ct. at 966, 19 L.Ed.2d at 1266.

The lower court found that the existence of a number of such "special circumstances" dictated the denial of an award of counsel fees in the instant case. The court first points to the fact that while the original complaint requested attorney's fees, the consent decree made no provision for such an award.

> In view of the fact that [appellee] gave up the right to challenge [appellant's] charges in a court of law, for us to order an award of attorney's fees would alter the consequences of that compromise [*i.e.*, the consent decree]. Thus, the first special circumstance leading to a determination that attorney's fees should be denied is [appellee's] reasonable belief that by giving up its right to its day in court the issues raised by both parties ended by the Consent Decree.

Lower ct. op. at 4.

Similarly, the court found as a second special circumstance that appellant's counsel deliberately refrained from discussing the matter of attorney's fees throughout the settlement negotiations. Appellee argues that this tactic resulted in unfair surprise and prejudice to Liberty Hose, and thus counsel fees must be denied.

The issue embodied in these two "special circumstances" was recently addressed in *El Club Del Barrio, Inc. v. United Community Corporations, Inc.*, 735 F.2d 98 (3d Cir.1984). In that case, the parties to a civil rights action negotiated a consent decree which settled the litigation. El Club Del Barrio, the prevailing plaintiff, then brought a suit for attorney's fees under 42 U.S.C. § 1988. The defendants argued that the plaintiff had

waived its rights to attorneys fees by its conduct during settlement negotiations. Specifically, defendants argued that in an original draft of the settlement agreement plaintiff had provided that dismissal of its action would be without prejudice to its right to seek attorneys fees, but when defendants objected to this provision, the plaintiff withdrew it. The final settlement agreement and consent order thus simply provided for dismissal of the underlying action with prejudice and was silent on the issue of attorneys fees. In defendant's submission, this silence, coupled with the conduct at the settlement negotiations, shows that the plaintiff waived its right to attorneys fees.

*Id.* at 99–100.

The Court of Appeals for the Third Circuit held that the failure of the parties to a civil rights suit to have provided for attorney's fees in a written settlement agreement does not create a "special circumstance" depriving a prevailing plaintiff in the underlying action of its right to reasonable attorney's fees under section 1988, even where the parties discussed but were unable to agree on attorney's fees during settlement negotiations. "Rather, the burden is on the losing party to show that the settlement agreement clearly waived the statutory right to attorneys fees." *Id.* at 99.

■■■ We agree with the *El Club Del Barrio* court that the failure to provide for fees in the consent decree is not a special circumstance which overcomes the *Newman* presumption that ordinarily a prevailing plaintiff should be awarded attorney's fees. Applying *El Club Del Barrio* to the instant case, we find that appellant's counsel's failure to discuss attorney's fees throughout the settlement negotiations,[4] and the failure to provide for them in the written

---

**4.** As appellant points out in issue three of her brief, not only should counsel's failure to discuss fees at settlement negotiations not bar recovery of an award of fees, but, more importantly, it would have been improper for counsel to negotiate fees while attempting to settle the case. *See Prandini v. Nat'l Tea Co.,* 557 F.2d 1015 (3d Cir.1977), in which the Court of Appeals for the Third Circuit held that, because of the conflict of interest between the plaintiff and counsel that would

settlement agreement, does not bar recovery of such fees. The law and public policy favor an award of fees to the prevailing plaintiff. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Newman v. Piggie Park Enterprises, Inc., supra.* Thus, it seems that the burden of foreclosing a suit under section 1988 should be placed upon the losing party in the underlying section 1983 action. *El Club Del Barrio, supra.* Instantly, there is no indication in the consent decree that appellant waived her statutory right to attorney's fees.

■ Also, case law indicates that an award of attorney's fees does not "alter the consequences" of the consent decree, as stated by the lower court. Rather, a request for attorney's fees under section 1988 is collateral to the main cause of action. "[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment." *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 452, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325, 331 (1982), *quoting Knighton v. Watkins,* 616 F.2d 795, 797 (5th Cir.1980). Thus, an award of attorney's fees in this case would not alter the consent decree.

■ Furthermore, given the holding in *El Club Del Barrio,* we are of the opinion that the fact that appellee may have been "surprised" by appellant's request for counsel fees does not bar an award. The lower court intimated that the four month delay between the filing of the consent decree and the request for fees (together with counsel's failure to discuss fees during negotiations) resulted in unfair surprise and prejudice to the appellee. The court distinguished *White v. New Hampshire Department of Employment Security,* 679 F.2d 283 (1st Cir.1982), in which the Court of Appeals for the First Circuit found no unfair surprise, on two bases: (1) White's attorney notified the losing party within five days of the entry of the final order

otherwise result, simultaneous negotiations of disposition on the merits and of attorney's fees is impermissible.

that attorney's fees should be discussed; and (2) White did not seek fees as part of the original complaint. A fair reading of *El Club Del Barrio* indicates that whether or not fees are sought in the original complaint is not determinative. Furthermore, Pennsylvania has adopted no specific time limit for the filing of attorney's fees petitions. In the case at bar, discussion of counsel fees began less than four months after the entry of the final decree. There is no indication in the record that appellee has been prejudiced by the delay. We find that while there was some delay, it was not so extreme, given the circumstances of the case, as to necessitate a finding that the request was untimely.

Thus, the lower court erred in denying the request for counsel fees on the ground that it resulted in unfair surprise and prejudice to the appellee.[5]

The third "special circumstance" cited by the lower court was appellee's inability to pay. A number of district and appellate courts have discussed whether a lack of funds on the part of the losing party bars the prevailing party from recovering an award of attorney's fees. In *Sharrock v. Harris*, 489 F.Supp. 913 (S.D.N.Y.1980), the court stated:

> Although the award of attorneys' fees is expressly discretionary, Congress clearly intended that section 1988 be construed liberally and that successful plaintiffs be awarded attorneys' fees except under "special circumstances" (citations omitted). Lack of funds on the part of a public agency would not seem to be one of the "special circumstances" Congress had in mind, since Congress clearly contemplated that governmental bodies, which are usually short of funds, would often be the defendants against which attorneys' fees would be assessed.

*Id.* at 915.

Another district court stated: "[A] prevailing plaintiff should not have to shoulder the cost of obtaining his civil

---

5. We recognize that the lower court did not have the benefit of the Third Circuit Court's *El Club Del Barrio* decision when it considered this case.

rights because the discriminating public body is poor." *Stanwood v. Green*, 559 F.Supp. 196, 201 (D.Ore.1983).

In *Cohen v. West Haven Board of Police Commissioners*, 638 F.2d 496, 506 (2d Cir.1980) and *Vulcan Society of Westchester County, Inc. v. Fire Department*, 533 F.Supp. 1054, 1060 (S.D.N.Y.1982), the courts seemed to indicate that while lack of funds may be one factor to be considered in determining the proper amount of attorney's fees to be awarded, the court should not focus exclusively on the financial condition of the losing party "unless that party appeared to be *in extremis*." *Cohen, supra* at 506. Furthermore, it would seem that the court should compare the relative wealth of the losing party to that of the prevailing plaintiff. *Faraci v. Hickey-Freeman Co.*, 607 F.2d 1025 (2d Cir.1979).

 In the instant case, we are of the opinion that an award of fees cannot be denied on the basis of appellee's perceived inability to pay. While appellee's financial condition may be a factor for the court to examine in determining the *amount* of fees to be awarded, it does not serve as an absolute bar to such an award.

Because we feel that the lower court erred in denying appellant's motion for counsel fees, we must remand the case for a determination of the proper amount of fees to be awarded.

Order reversed and case remanded to the lower court for proceedings not inconsistent with this opinion. Jurisdiction relinquished.