523 A.2d 1176

**In re ADOPTION OF Kristy D. HAMILTON,
Termination of Parental Rights.**

**Appeal of Ernest A. HAMILTON.**

Superior Court of Pennsylvania.

Submitted Dec. 4, 1986.

Filed April 6, 1987.

F. Cortez Bell, III, Clearfield, for appellant.

Before CIRILLO, President Judge, and ROWLEY and POPOVICH, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Clearfield County Orphans' Court involuntarily terminating the parental rights of appellant, Ernest Hamilton, to his daughter Kristy. Appellee, Brenda Wilt, the natural mother, and her new husband have custody of the child, and the new husband will seek adoption. Ernest now retains visitation rights through a supersedeas on the termination order.

In June of 1985, Brenda Wilt, Kristy's mother, filed a petition under 23 Pa.C.S. § 2512(a)(1) to terminate the natural father Ernest's parental rights to Kristy. The petition recited that Ernest had "shown by conduct continuing over a period of at least six (6) months a settled purpose of relinquishing parental claim to the child."

After hearing testimony from the parties and their witnesses, the Clearfield County Orphans' Court entered a "Memorandum and Order" dated May 16, 1986, terminating Ernest's parental rights. The court relied on both of the dual grounds for termination provided by 23 Pa.C.S. § 2511(a)(1) ("the parent by conduct continuing for a period of at least six months either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties").

Ernest appealed the termination order directly, without filing exceptions or motions for post-trial relief, and now challenges the order terminating his parental rights on three grounds:

1) the court erred in finding that Ernest had exhibited conduct evidencing a "settled purpose" of relinquishing parental claim to Kristy;

2) the orphans' court's findings of fact, particularly regarding nonpayment of support, conflict with the evidence;

3) the court erred by applying the six-month criterion of the statute presumptively.

 Rather than reach the merits of this appeal, we vacate the "Memorandum and Order" because of the orphans' court's failure to comply with the Rules of Civil Procedure. Under the rules of equity procedure governing orphans' court matters, Ernest must have the opportunity to raise his issues before the court in motions for post-trial relief. Pennsylvania Orphans' Court Rule 3.1 provides that pleading and practice in orphans' court shall conform to pleading and practice in equity, unless otherwise prescribed by statute, supreme court rule, or local orphans' court special order or rule. Since there are no local orphans' court rules in Clearfield County governing the filing of exceptions or decrees nisi, the court and parties should have followed the procedure in equity cases.

Pennsylvania Rule of Civil Procedure 1517 provides that in equity actions, the court shall proceed by entering an adjudication including a decree nisi. Post-trial practice then proceeds in accordance with Pa.R.C.P. 227.1 which requires the filing of a motion for post-trial relief from an adjudication or decree nisi.

 In this case, the court and parties have completely disregarded Rules 1517 and 227.1. Instead of the required adjudication and decree nisi, the orphans' court has entered a putative final "Memorandum and Order" terminating parental rights. As no decree nisi was entered, appellant had no opportunity to file exceptions; the court, therefore, had no opportunity to correct any errors prior to entry of the final decree.

In *In re Involuntary Termination of Parental Rights to B.M.D.*, 487 Pa. 387, 409 A.2d 404 (1979), the supreme court determined that a decree involuntarily terminating parental rights was a nullity and vacated the decree where the orphans' court had entered a purported "final decree" in lieu of the adjudication and decree nisi required by Rule 1517. The supreme court found that the orphans' court

procedure had deprived the parent of the right to file exceptions and have any errors corrected before entry of a final decree.

In accord is *Cornell v. D'Italia*, 287 Pa.Super. 233, 429 A.2d 1186 (1981), where this court sua sponte remanded an appeal from an equity decree, finding that no decree nisi nor exceptions had been filed before the equity court rendered its final decree. This court stated that, "As appellant's premature appeal was a result of both their and the court's failure to follow Rules 1516–1519, we believe they should not be penalized for taking this appeal." 287 Pa.Super. at 238, 429 A.2d at 1188–89 (Pa.R.C.P. 1518, providing for the filing of exceptions, has been rescinded and replaced by Pa.R.C.P. 227.1, providing for the filing of a motion for post-trial relief).

*B.M.D.* is on all fours with and controls the disposition of this appeal. Both involve an involuntary termination order entered as a final decree with no indication that it was a decree nisi to which exceptions (or post-trial motions) should properly have been filed. Consequently, also, the record has been compromised in that the orphans' court has not made explicit findings of fact on all important issues. *See* Pa.R.C.P. 1517(a)(2) ("the adjudication shall consist of ... (2) a closely condensed chronological statement ... of all the facts which are necessary to be known in order to determine the issues"). For example, although the trial court relied in part on the criterion of 23 Pa.C.S. § 2511(a)(1) which allows termination of parental rights where "[t]he parent by conduct continuing for a period of at least six months ... has evidenced a settled purpose of relinquishing parental claim to the child," the court did not specifically identify the period or periods during which Ernest had exhibited a "settled purpose" of relinquishing his parental claim to Kristy. A petitioner seeking to terminate the rights of a natural parent to his child bears the burden of establishing grounds for termination by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Because of a lack of explicit factual findings, and the trial court's lack of oppor-

tunity to address appellant's arguments, the record on review has been impaired and should be remanded for entry of a proper decree and post-trial motions.

A contrary line of authority, however, does not remand, but excuses the appellant's failure to file exceptions to the decree and entertains the appeal on the merits. In *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976), the supreme court found that an order of the commonwealth court did not contain any findings of fact, nor conclusions of law, nor any language indicating that it was a decree nisi, or that the parties were required to file exceptions in order to perfect their appeal. The court then excused the failure to file exceptions. The *Derry* court did not, however, address *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 240 A.2d 491 (1968), which held that the failure to comply with the Rules of Civil Procedure rendered the decree in that case a nullity, and required vacation of the decree. In *In re Adoption of R.W.B.*, 485 Pa. 168, 401 A.2d 347 (1979), the supreme court decided that Fayette County Orphans' Court decrees were final decrees unless they specifically stated otherwise. The court relied on § 731 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 731 (repealed 1980), which stated in part that an orphans' court decision "shall be a final decree, unless exceptions thereto are authorized by rule of court or the decree discloses that it is not intended as such." Because the rules of the Orphans' Court Division of the Court of Common Pleas of Fayette County did not authorize exceptions to be taken to an adoption decree, the court found that the natural mother's failure to file exceptions did not constitute a waiver of the issues raised on appeal. 485 Pa. at 171 n. 1, 401 A.2d at 348 n. 1. Since the supreme court's decision in *R.W.B.*, however, section 731 of the Probate, Estates and Fiduciaries Code has been repealed. Act of Apr. 28, 1978, No. 53, sec. 8(5), 1978 Pa.Laws 202, 366 (effective June 27, 1980).

In the absence of statutory law specifying a different procedure, or of any special order or general rule in Clearfield County regarding the filing of exceptions or decrees

nisi in orphans' court matters, Orphans' Court Rule 3.1 dictates that the court and parties should have followed equity procedure, which in turn required a decree nisi and motions for post-trial relief before the entry of a final, appealable decree.

While we acknowledge the split in authority between those decisions which vacate nonconforming decrees sua sponte and those which determine the appeals on the merits, we find the latter line of authority sufficiently distinguishable in that in most of these cases the court was responding to the contention that the appellant had waived the issues on appeal by failing to file exceptions. Thus, in *Storti v. Minnesota Mutual Life Insurance Co.*, 331 Pa.Super. 26, 28–29, 479 A.2d 1061, 1062 (1984), we said:

> Where an order neither comports with the requirements of Pa.R.C.P. 1517 nor contains a suggestion that exceptions must be filed in order to preserve a right of appeal, the failure to file exceptions will be excused. *Commonwealth v. Derry Township*, 466 Pa. 31, 41–42, 351 A.2d 606, 611 (1976); *Barton v. Penco*, 292 Pa.Super. 202, 204, 436 A.2d 1222, 1223 (1981); *Greenwood Township v. Kefo, Inc.*, 52 Pa.Cmwlth. 367, 370, 416 A.2d 583, 594–585 (1980). The failure to file exceptions . . ., therefore, will not defeat appellate review.

*Accord In re Estate of Dorone*, 349 Pa.Super. 59, 64, 502 A.2d 1271, 1274 (1985); *Tallon v. Liberty Hose Co. No. 1*, 336 Pa.Super. 530, 534 n. 1, 485 A.2d 1209, 1211 n. 1 (1984); *see also In re Involuntary Termination of Parental Rights to B.L.*, 316 Pa.Super. 175, 176 n. 1, 462 A.2d 851, 852 n. 1 (1983) (Popovich, J., joined by Rowley & Wieand, JJ.) (considering *R.W.B.* and *B.M.D.* and concluding that failure to file exceptions did not constitute waiver where local court rule provided that all orphans' court decrees were final); *cf. In re Adoption of T.N.J.*, 321 Pa.Super. 355, 356 n. 1, 468 A.2d 517, 517 n. 1 (1983) (Popovich, J., joined by Wickersham & Rowley, JJ.) (cautioning that thenceforth appeal should be taken from final decree, citing *B.M.D.*).

We, on the other hand, are not concerned with the possibility that Ernest has waived his arguments, because clear-

ly under the foregoing decisions he has not. Instead, our decision to follow *B.M.D.* in vacating the termination order as a "nullity" stems from our perception that the decree as it stands is incomplete, and that appellate review of this important decision will be more meaningful if the orphans' court first enters an adjudication which makes explicit the court's factual findings, and then entertains and addresses the particular objections raised to its findings and conclusions before making the decree final. Of course, insofar as our disposition should also be premised on the weight of authority, we note that the *B.M.D.* case which we have chosen to follow itself "continues a well established precedent." *Cornell v. D'Italia*, 287 Pa.Super. at 237, 429 A.2d at 1188 (citing six cases in accord and two contra); *see also Miller v. Miller*, 359 Pa.Super. 183, 518 A.2d 841 (1986); *Crestwood School Dist. v. Topito*, 76 Pa.Commw. 321, 463 A.2d 1247 (1983).

The decree involuntarily terminating parental rights is vacated, and the record is remanded for proceedings in accordance with the Rules of Civil Procedure, including their requirement that the orphans' court enter an adjudication and decree nisi under Rule 1517 and give the parties an opportunity to file for post-trial relief under Rule 227.1. Jurisdiction relinquished.