MONTEMURO, Judge:
This is an appeal from an order denying appellant, J.R.M.’s motion for involuntary termination of parental rights of appellee, R.C.N. Rather than reach the merits of this appeal, we vacate the orders of the Court of Common Pleas of Indiana County, Orphans’ Court division for failure to comply with the Rules of Civil Procedure.
In September of 1990, appellant filed a petition seeking the involuntary termination of the parental rights of Appel.lee with respect to her daughter, C.R.V. The petition alleged that in accordance with 23 Pa.C.S.A. § 2511(a)(1), appellee’s parental rights should be terminated because by his conduct, since about January 1982, he had evidenced the *388 settled purpose of relinquishing parental claim to his child. After a hearing on November 27, 1990, the court filed an order denying the motion for involuntary termination of parental rights. Thereafter, on December 14, 1990, Appellant filed a notice of appeal to this court from the November 27 order. In a subsequent opinion in support of its order, filed after Appellant filed this appeal, the court apparently affirmed its November 27 order stating, inter alia, that the evidence showed a pattern of obstructive behavior by Appellant aimed at preventing Appellee from maintaining a parental relationship with the child, and that the evidence did not show that Appellee had evidenced a settled purpose of relinquishing parental claim.
Under the Orphans’ Court Rules, the practice and procedure to be followed in the orphans’ court is generally the same as in the local court of common pleas. Pennsylvania Orphans’ Court Rule 3.1 provides:
Except where otherwise provided by a rule adopted by the Supreme Court, or by an Act of Assembly, or by general rule or special order of the local Orphans’ Court, and except for the Notice to Defend required by Rule of Civil Procedure 1018.1, which form of notice shall be required only if directed by general rule or special order of the local Orphans’ Court, the pleading and practice shall conform to the pleading and practice in equity in the local Court of Common Pleas.
Thus, in hearing this case the court of common pleas should have followed the procedure used in equity cases.
Rule 1517 of the Pennsylvania Rules of Civil Procedure provides that in equity actions the court must make an adjudication which should include a statement of the issues, findings of fact, a discussion of the question of the law involved, the court’s conclusion of law, and a decree nisi. The rule further provides that the adjudication may be made orally in open court if it is later transcribed and filed, or if it is subsequently made in writing and filed. Pa.R.C.P. § 1517. Thereafter, a party may, within ten days of the filing of the adjudication or decree nisi, file a motion for *389 post trial relief. Pa.R.C.P. § 227.1. The filing of the motion for post trial relief after the entry of the adjudication or decree nisi allows the court an opportunity to correct any errors it may have made prior to the entry of the final decree. In re Involuntary Termination of Parental Rights to B.M.D., 487 Pa. 387, 409 A.2d. 404 (1979). The filing of the post trial motion also helps provide an adequate record on appeal.
In this case the necessary steps were not taken by either the court or the appellant. Pa.R.C.P. 1517 and 227.1 were totally disregarded. Instead of entering a decree nisi after hearing the testimony of the case, the court entered what appeared to be a final order on November 27, 1990. Thereafter, since no decree nisi was entered, the appellant, instead of filing a motion for post trial relief, filed an appeal directly to this court. As no motion for post trial relief was filed, the trial court had no opportunity to address the specific arguments of appellant. Instead the court filed a subsequent opinion and order which affirmed its November 27, 1990 order. Again, however, this opinion and order failed to outline the court’s findings and conclusions on all important issues.
In In re Adoption of Hamilton, 362 Pa.Super.Ct. 249, 523 A.2d 1176 (1987), this court vacated a decree involuntarily terminating parental rights because no decree nisi was entered and no post trial motions were filed. The court reasoned that since the decree was incomplete, “appellate review of [the] important decision will be more meaningful if the Orphans’ Court first enters an adjudication which makes explicit the court’s factual findings and conclusions before making the decree final.” 362 Pa.Super.Ct. 249, 255, 523 A.2d 1176, 1179. In the Hamilton case, as in this case, instead of issuing a decree nisi, the court entered what appeared to be a final order. The parent was then denied the opportunity to file exceptions so that the court could correct any errors prior to entry of the final decree.
In reaching its decision in Hamilton, this court followed the decision of the Pennsylvania Supreme Court in In re *390 Involuntary Termination of Parental Rights to B.M.D., 487 Pa. 387, 409 A.2d 404 (1979). In B.M.D., again, instead of entering a decree nisi, the court entered final decrees terminating parental rights. The appellant then filed a direct appeál. Consequently, as in Hamilton, the record was compromised, and a meaningful review of the court order was impossible. As such, the supreme court ordered that the decree be vacated and the record remanded so that the court could prepare an adjudication in compliance with the Rules of Civil Procedure. Id.
There is, however, a contrary line of cases which, instead of remanding, excuses the failure to file exceptions to the decree, and determines the case on the merits. See Storti v. Minnesota Mutual Life Insurance Co., 331 Pa.Super.Ct. 26, 479 A.2d 1061 (1984). (The court held that where an order neither comports with the requirements of Pa.R.C.P. 1517 nor contains a suggestion that exceptions must be filed in order to preserve a right of appeal the failure to file exceptions will be excused.) In Hamilton, however, we distinguished between those decisions which vacated the decree and remanded the case and those cases which were decided on their merits. In most of the latter cases “the court was responding to the contention that the appellant had waived the issues on appeal by failing to file exceptions.” 362 Pa.Super.Ct. 249, 253, 523 A.2d 1176, 1178. The remand cases, on the other hand, are more concerned about the completeness of the decree and the possibility of meaningful appellate review. Id., 362 Pa.Superior Ct. at 253, 523 A.2d 1178. Since this case is both factually and legally similar to both B.M.D. and Hamilton, we are required to follow those decisions and vacate the decrees. As a result, the trial court will have an opportunity to address appellant’s specific arguments and correct its decision if necessary.
The decrees denying the petition to involuntarily terminate the parental rights of R.C.N. are vacated and the record is remanded with instructions to prepare an adjudication in compliance with Pa.R.C.P. § 1517 so that the parties *391 have an opportunity to file post trial motions under Pa. R.C.P. § 227.1.
Decree vacated and case remanded. Jurisdiction relinquished.