**In re A.L., a/k/a A.L., a/k/a A.K., Appellee.**

**Appeal of W.L., Appellant.**

**In re G.K., Appellee.**

**Appeal of W.L., Appellant.**

**In re P.K., Appellee.**

**Appeal of W.L., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1998.
Filed Oct. 23, 1998.

Phyllis J. Power, Philadelphia, for appellant.

Nancy Kanter, Elkins Park, for appellees.

Cynthia N. Keller, Asst. County Solicitor, Philadelphia, for Dept. of Human Services, participating party.

Before McEWEN, President Judge, and CAVANAUGH, DEL SOLE, KELLY, EAKIN, JOYCE, STEVENS, SCHILLER and LALLY–GREEN, JJ.

DEL SOLE, Judge:

On March 14, 1997, decrees were entered in the Family Division of the Court of Common Pleas of Philadelphia County, terminating Appellant's parental rights to her three children. On April 2, 1997, Appellant filed a motion for reconsideration of the decrees, which was denied, and this timely appeal followed.

■ We granted *en banc* review to consider the procedural requirements recently announced by a panel of this court in *In the Interest of R.Z.T.*, 707 A.2d 1156 (Pa.Super.1998). There, we held that adoption proceedings in Philadelphia are subject to the rules of procedure governing Orphans' Court and equity matters requiring the filing of a decree nisi and a motion for post-trial relief, before filing an appeal. Today, after further consideration and reflection, we overrule *R.Z.T.*, and hold that adoption proceedings in Philadelphia County are not subject to rules requiring the filing of exceptions. Rather, termination decrees and adoption decrees are immediately appealable.

■ We reject the application of Orphans' Court Rules and the Pa. Rules of Civil Procedure governing equity actions to adoption proceedings in Philadelphia County since the orders are issued and docketed in the Family Court Division of the Court of Common Pleas. In Philadelphia County, in accordance with 20 Pa.C.S.A. § 713, exclusive jurisdiction of adoption proceedings is vested in the Family Division of the Court of Common Pleas, not the Orphans' Court Division as exists in all other judicial districts. Likewise, matters involving adoptions as well as termination of parental rights fall under the provisions of the Adoption Act, which is part of the Domestic Relations Code of this Commonwealth, 23 Pa.C.S.A. §§ 2101–2910. Therefore, we conclude that termination and adoption proceedings in Philadelphia are not governed by Orphans' Court rules or general equity rules, but rather by the rules governing family law practice.

■ The Rules of Civil Procedure relating to domestic relations matters evidence a policy of abolishing all post-trial practice in domestic relations cases, with the exception of paternity matters. Rule 1930.2 specifically provides that no motions for post-trial relief shall be filed in any domestic relations matter except those where a paternity matter is tried by a jury. Pa.R.C.P.1930.2. We conclude that the elimination of the practice of filing motions for post-trial relief in family court domestic relation matters applies to termination and adoption proceedings in Philadelphia County, and that post-trial motions are not to be filed in adoption and termination matters in that county. Rather, Pa. R.C.P.1930.2 applies.

Today, throughout the Commonwealth, there is further involvement of the Family Court division in these matters as evidenced by the 1996 amendment to 42 Pa.C.S.A. § 6351, which deals with the disposition of dependent children. The amendment added subsection (i) providing for the assignment of the juvenile judge who entered a dependency order to the Orphans' Court division to rule on termination and adoption matters involving that child. 42 Pa.C.S.A. § 6351(i). This serves to ensure that the judge who has knowledge of the history of the child will be involved in these important decisions.

Not only do we conclude that procedurally, post-trial practice does not apply to termination and adoption matters in Philadelphia, we believe that the time sensitive nature of these proceedings warrants the elimination of post-trial practice. Such a practice often extends the process to the detriment of the child, natural parents, and prospective adoptive parents. While our ruling does not apply to termination and adoption matters in any other judicial district of Pennsylvania, we call upon the Orphans' Court Rules Committee to consider mandating the elimination of any form of post-trial practice that delays final determination of these issues, and to provide for a uniform process throughout the state.

Having concluded that post-trial motions are not necessary to preserve issues in this case, and finding the appeal was timely filed, we now address the merits of Appellant's claim.

The three children involved were initially adjudged dependent in 1992, and were placed in a foster home where they have continually resided. Initially, a Family Service Plan with a goal of reunification was established and reviews were held at six-month intervals. In May of 1995, at a Family Service Plan meeting which Appellant did not attend, the goal was changed to adoption. Later a petition was filed to change the goal and terminate Appellant's parental rights, which the court granted following a hearing.

Appellant seeks reversal of the termination order claiming that the trial court impermissibly shifted the burden of proof to her, rather than requiring the Department of Human Services to prove its case by clear and convincing evidence.

We have reviewed the record and the briefs of counsel. Contrary to the assertions of Appellant, we find that the record contains ample evidence from which the trial court could conclude that the criteria of 23 Pa. C.S.A. § 2511, governing termination had been met. The children were in foster care for over four years, and the conditions that lead to the initial placement continued to exist. Appellant, while claiming she is now drug free, in the past as part of the initial plan for reunification, failed to complete any drug rehabilitation programs. The trial court, absent any medical certification, found her claim not credible. The trial court judge, as fact finder, was in the best position to evaluate Appellant's sincerity and credibility. *Jones v. Stone*, 343 Pa.Super. 416, 495 A.2d 205 (Pa.Super.1985).

In addition, the record establishes that over the past four years, Appellant, while provided services to achieve reunification, has failed to accomplish any goal necessary for reunification. Thus we conclude that the decree of termination entered on March 14, 1997, and supported by the November 21, 1997, trial court opinion of the Honorable Edward R. Summers, must be affirmed.

Decree affirmed.